**MARKET POULTRY and EGG COMPANY, Appellant,**

v.

**Adolph MUELLER, Appellee.**

**No. 3217.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 3, 1956.

Smith, Bickley & Pope, Abilene, for appellant.

Robert E. Bowers, Breckenridge, for appellee.

LONG, Justice.

Adolph Mueller instituted this suit in Stephens County, Texas, against Market Poultry and Egg Company and Cecil Hudson, its president, to recover the value of 10,436 pounds of wheat. The defendants filed pleas of privilege to be sued in Jones County, where they reside. Plaintiff duly controverted said pleas and sought to retain venue in Stephens County under Subdivisions 7 and 9 of Article 1995, Vernon's Annotated Civil Statutes. Upon a hearing before the court without a jury, plaintiff dismissed as to Cecil Hudson and the court overruled the plea of Market Produce and Egg Company. Said defendant has appealed.

Subdivision 7 of Article 1995, Vernon's Annotated Civil Statutes, provides in part that in all cases of fraud, suit may be brought in the county where the fraud was committed. Subdivision 9 of said article provides in part that a suit based on a trespass may be brought in the county where the trespass was committed.

The evidence discloses that Adolph Mueller operates a farm in Stephens County; that Market Poultry and Egg Company has its headquarters at Anson in Jones County, Texas, and operates a warehouse in Brownwood in Brown County for the purpose of storing grain; that in June of 1954 appellee Mueller telephoned Cecil Hudson, the president of Market Poultry and Egg Company at Anson, and advised him that he had some wheat that he desired to put in storage. In compliance with said request appellant sent his truck to the farm of appellee and the said truck was loaded to capacity. There is evidence that seventeen hoppers of grain, which were placed on the truck, weighed 39,066 pounds. There is evidence that the truck did not contain a full load of wheat when it reached Brownwood. The load of wheat only weighed 28,600 pounds in Brownwood. There is a difference between what the load of grain would have weighed at the appellee's farm in Stephens County and what it weighed at the appellant's warehouse in Brownwood of 10,436 pounds. In other words, there is evidence sufficient to support a finding that 10,436 pounds of appellee's wheat never reached appellant's warehouse in Brownwood and that appellant refuses to account to appellee for this amount of his grain. Appellee relies mainly to sustain venue in Stephens County upon the fact that appellant converted this grain.

204

It is well settled that conversion of personal property is a trespass under Subdivision 9, but, before we can sustain venue in Stephens County, said conversion must be shown to have occurred in that county. 42 Tex.Jur. 547. The evidence is sufficient to support a finding that appellant converted 10,436 pounds of grain that belonged to the appellee, but we have searched the record diligently and we believe the evidence is insufficient to show that said conversion occurred in Stephens County. The grain left appellee's farm with his consent and at his request. Furthermore, there is no evidence of any fraud committed by appellant in Stephens County.

Under the view we take of this case it is our duty to reverse the judgment of the trial court and to remand the cause for a new trial. It is so ordered.